**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WISCONSIN**

JASON POULOS,

    Plaintiff,

  v.                                                                                    Case No. 10-C-394
VILLAGE OF PLEASANT PRAIRIE
ANDREA KERN and,
WILLIAM LARSON

    Defendants.

## DECISION AND ORDER

### NATURE OF THE CASE

The plaintiff, Jason Poulos, filed this civil rights action against the Village of Pleasant Prairie and two police officers, Andrea Kern and William Larson, alleging that they unlawfully arrested and detained him in violation of 42 U.S.C. § 1983. He also asserts that the defendants discriminated against him because of his disability by restricting him from the Prime Outlet Mall, in violation of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. This claim also is based on the plaintiff's alleged wrongful arrest by the individual defendants.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a) (E.D. Wis.). The parties have consented to

United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

The defendants filed a motion for summary judgment (Docket # 22) and the plaintiff has filed a motion for leave to file a proposed statement of facts. (Docket # 32). These motions are ready for resolution and will be addressed herein.

## **MOTION FOR SUMMARY JUDGMENT**

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); McNeal v. Macht, 763 F. Supp. 1458, 1460–61 (E.D. Wis. 1991). "Material facts" are those facts that under the applicable substantive law "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material facts" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The burden of showing the needlessness of a trial – (1) the absence of a genuine issue of material fact and (2) an entitlement to judgment as a matter of law – is upon the movant. In determining whether a genuine issue of material fact exists, the court must consider the evidence and all reasonable inferences in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587 (1986); Matter of Wade, 969 F.2d 241, 245 (7th Cir. 1992).

However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence that would support a reasonable jury verdict.

Anderson, 477 U.S. at 256; see also, Celotex Corp., 477 U.S. at 324; Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in [Rule 56] – set out specific facts showing a genuine issue for trial."). "Rule 56(c) mandates the entry of summary judgment, . . . upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322 (emphasis added).

>Federal Rules of Civil Procedure Rule 56(e)(1) provides in pertinent part:
>
>A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

Fed. R. Civ. P. 56(e)(1); cf. Halloway v. Milwaukee County, et al, 180 F.3d 820, 827 n.9 (7th Cir. 1999) (upholding district court's exclusion, on summary judgment, of portions of affidavit as hearsay).

Rule 56 of the Federal Rules of Civil Procedure provides that affidavits in support of summary judgment must "set out facts that would be admissible in evidence . . .." The Federal Rules of Evidence prohibit the admission of hearsay. See Fed. R. Evid. 802. Hearsay evidence, therefore, does not meet this evidentiary requirement. See Schindler v. Seiler, 474 F.3d 1008, 1012 (7th Cir. 2007). Thus, any proposed findings of fact which do not set forth facts that would be admissible in evidence have not been included in the relevant facts.

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56 (c)(4). To the extent that an objection to a proposed finding of fact fails to cite specific evidentiary support, the objection has no weight. See Schneiker v. Fortis Ins. Co., 200 F.3d 1055, 1057 (7th Cir. 2000); Doe v. Cunningham, 30 F.3d 879, 881, 882 (7th Cir. 1994).

The plaintiff filed four proposed facts which were included in his response to the defendants' proposed findings of fact. However, none of these additional facts contain a citation to parts of the record, affidavits or other supporting materials relied upon to support the facts described in that paragraph. See Civil Local Rule 56(2)(B)(ii). Therefore, these facts are not properly considered on a motion for summary judgment and have not been included in the undisputed facts.

Furthermore, to the extent that an objection is non-responsive to the proposed finding of fact, the objection does not create a dispute of fact. Similarly, arguments have no place in proposed findings of fact or responses to such findings. Any such responses or arguments have not been included in the undisputed facts.

**Plaintiff's Motion to File Proposed Statement of Facts**

In response to the defendants' objections to the plaintiff's proposed statement of facts, the plaintiff moves to file a new proposed statement of facts. The plaintiff disputes the defendants' contentions and states that under the local court rules, the non-moving party is not required to submit a proposed statement of facts. The defendants oppose the plaintiff's motion for a number of reasons, including the fact that all summary judgment materials already have been submitted and that motion is ready for resolution.

Civil Local Rule 56(b)(2) (E.D. Wis.) provides as follows:

**2) Opposing Party's Materials in Opposition**. Each party opposing a motion for summary judgment must file within 30 days of service of the motion and the materials required by subsection (b)(1), above:

**(A)** a memorandum of law;

**(B)** a concise response to the moving party's statement of facts that must contain:

**(i)** a reproduction of each numbered paragraph in the moving party's statement of facts followed by a response to each paragraph, including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon, and

> **(ii)** a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the facts described in that paragraph. A non-moving party may not file more than 100 separately-numbered statements of additional facts; and
>
> **(C)** any opposing affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(e).

Although the plaintiff maintains that a non-moving party is not required to submit proposed statements of fact under the local rules, if that non-moving party wants to present additional facts not addressed in the moving parties proposed facts, that party needs to file his own proposed statement of facts. Civil L.R. 56(b)(2). Moreover, if statements of material fact are uncontroverted, the court will deem them admitted. Civil L.R. 56(b)(4).

Even though the plaintiff's proposed statement of facts is untimely, the court will grant the plaintiff's motion for leave to file new proposed statement of facts. To the extent that these facts comport with the requirements of the federal procedural rules and local court rules, they will be considered in addressing the defendants' motion for summary judgment.

**Relevant Undisputed Facts**[1]

On October 31, 2008, Officer Gerald Paul of the Pleasant Prairie Police Department was at the Prime Outlets Mall investigating a minor traffic accident when he was contacted by mall security officers about the presence of an unwanted person on mall property. That person was the plaintiff. Mall personnel informed Officer Paul that the mall previously had told the plaintiff that he was not permitted at the mall. The plaintiff visited the Prime Outlets Mall on numerous occasions for the purpose of shopping and other activities.

Officer Paul made contact with the plaintiff and told him that both the Yankee Candle store and the mall itself did not want him on their premises. Officer Paul also informed the plaintiff that the mall and the stores in the mall are private property, that they are private businesses, and that they can choose to exclude people from their property.

The plaintiff initially did not know that he was not welcome at the Yankee Candle store and after receiving such notice, he did not enter the Yankee Candle store. The plaintiff states that he never received notice that he was not wanted on the mall property, only that he was not wanted at the Yankee Candle store. However, in his response to defendants' proposed finding of fact, he states: "[E]xcept from the officers, [the plaintiff] denies ever having received notice that he was unwanted on the mall property, only that he was unwanted at Yankee Candle." (Plaintiff's Response to Defendants' Proposed Finding of Fact #17). Officer Paul states that he told the plaintiff that if he returned to the mall in the future he would be subject

---

[1]As a general matter, unless accompanied by citation, the relevant facts are taken from the parties' proposed findings of fact which are not disputed. Citations to sources of quoted excerpts have been included even when those excerpts are undisputed.

to arrest for trespass or disorderly conduct. The plaintiff told Officer Paul that he understood the information the officer had given him.

The mall has posted two different signs identifying the mall as private property. One sign states: "**NOTICE** PRIVATE PROPERTY OPEN ONLY TO PERSONS DOING BUSINESS WITH SHOPPING CENTER OR TENANTS. RULES OF CONDUCT POSTED AT MANAGEMENT OFFICE". (Affidavit of Andrea Kern [Kern Aff,] Exh. 2). The other sign states: NO TRESPASSING DURING NON-BUSINESS HOURS (PRIVATE PROPERTY) (Kerns Aff. Exh. 3). The plaintiff was not on mall property outside of business hours. Officer Kern obtained a map of the mall, and marked the locations of eight signs stating that the mall is private property. (Kern Aff., Exh. 1).

Subsequent to October 31, 2008, the plaintiff made numerous phone calls to the police department, the mall security office and the Yankee Candle store. On November 21, 2008, Officer Paul called the plaintiff in reference to the numerous calls the plaintiff had made to the police department. During the call, Officer Paul told the plaintiff that he was not allowed to return to the mall, or the Yankee Candle store. Officer Paul also told him to stop making harassing phone calls to the police department and the Yankee Candle store. The plaintiff stated that he understood, that he would not go to the mall, and that he would stop making the phone calls.

On November 18, 2008, Jacquelyn Davis, the manager of the Yankee Candle store in the mall filed a court action in Kenosha County Circuit Court, requesting entry of a permanent restraining order against the plaintiff. On that day, a temporary restraining order (TRO) was entered, which barred the plaintiff from visiting the Yankee Candle store at the mall.

Subsequently, after a hearing, the TRO was dissolved, no permanent injunction was issued and the action was dismissed.

On or about December 17, 2008, the plaintiff called the police department and said that the restraining order against him had been lifted and, therefore, he was free to go to the mall. Officer Paul told plaintiff that he was not allowed on the mall property, or at the Yankee Candle store, and that he would be arrested for trespassing if he entered those premises. The plaintiff told Officer Paul that he understood the information given to him.

On May 12, 2009, the plaintiff was shopping at the Prime Outlets Mall. On that day, mall personnel called the police department, stating that the plaintiff was trespassing on the mall again. Officer Andrea Kern was dispatched to the mall to investigate the complaint. Upon arriving at the mall, Officer Kern was flagged down by a mall security officer named Billy, who told her that the plaintiff was near the mall's food court. Billy described the clothes that the plaintiff was wearing and also pointed to the plaintiff to identify him.

Officer Kern found the plaintiff on mall property and arrested him for trespassing on private property. Prior to arresting the plaintiff, Officer Kern was aware that the plaintiff had been warned verbally by Officer Paul on a number of occasions to stay away from the mall. When he was arrested, the plaintiff was "informed by [Officer Kern] that [he] had violated an 'order' restricting [him] from visiting the mall." (Affidavit of Jason Poulos [Plaintiff's Aff.], ¶12). The plaintiff informed Officer Kern that there was no Court order of any kind which prohibited him being on mall property. Id. ¶ 13. Officer Kern was the only officer involved in the arrest of plaintiff on May 12, 2009; Officer Larson was not involved.

Officer Kern contacted the police department dispatcher and had a conversation with the dispatcher.[2] She then took the plaintiff, who was under arrest, to the police station where he formally was charged with criminal trespass. Subsequently, all trespass charges against the plaintiff were dismissed by the district attorney and no other charges have been brought or prosecuted against the him.

Officer Larson's first contact with the plaintiff was his phone call to the plaintiff and his father on or about October 26, 2009. He called the plaintiff's residence to inform the plaintiff that he was not allowed on the mall property for any reason. He left a message advising the plaintiff that he was criminally trespassing during a recent visit to the mall and asked the plaintiff to return his call.

On the same day, Thomas Poulos, the plaintiff's father returned Office Larsen's call. Officer Larsen stated that mall personnel had called the police again and complained that the plaintiff was trespassing. Officer Larson said that if the plaintiff was found on the mall premises in the future, he would be arrested.

On August 18, 2009, and October 16, 2009, plaintiff's counsel sent certified letters to the Pleasant Prairie Police Department, stating that he was retained to represent the plaintiff, that the plaintiff had never received notification by any party or authority that he did not have a right to visit the mall, that no restraining or other orders existed which prevented him from visiting the mall, and that he had a right to visit the mall as any other law abiding citizen. (Complaint, Exhs. A & B).

---

[2] The parties dispute the substance of that conversation.

**ANALYSIS**

In seeking summary judgment, the defendants maintain that Officer Kern had probable cause to arrest the plaintiff. They assert that the mall is private property with numerous signs advising the public that the mall is private property. They further state that mall personnel had advised the Pleasant Prairie Police Department that they repeatedly had told the plaintiff he was not welcome at the mall. Mall personnel also contacted the police department on a number of occasions to complain that the plaintiff was on mall property without permission.

The defendants also assert that, contrary to the plaintiff's allegations in the complaint, Officer Larson was not involved in or present at the arrest and, therefore, cannot be held liable under 42 U.S.C. § 1983 for unlawfully arresting and detaining the plaintiff while acting under color of law. The defendants further point out that although the Village of Pleasant Prairie is named as a defendant, the complaint alleges in ¶ 33 that "'the defendant, Pleasant Prairie Police Department, by its officers, violated the Americans with Disabilities Act . . ..'"[3] (Defendants' Brief Supporting Summary Judgment at 10 [unnumbered], quoting Plaintiff's Complaint, ¶ 33.) The defendants assert that a police department is not a separate legal entity capable of being sued and that the plaintiff's sole allegation that the Village employs the defendants is insufficient to state a claim against the village.

In opposing the motion, the plaintiff asserts that he never received oral or written notice that he was not allowed at the Prime Outlets Mall, only that he was not allowed at the Yankee Candle store. Therefore, he maintains that there was nothing preventing him from being at

---

[3] The Pleasant Prairie Police Department is not named as a party in the body of the complaint, nor listed in the caption of the complaint. See Complaint, "Preliminary Statement" and "Parties", at 1-2.

mall. He also maintains that he was falsely arrested for trespass because Officer Kern lacked probable cause to arrest him on May 12, 2009. In addition, he asserts that Officer Larson did not have cause to allegedly threaten him with arrest for going to the mall.

At the outset, the court notes that the plaintiff did not address the defendants' assertion that the Village of Pleasant Prairie, or for that matter, the Pleasant Prairie Police Department are not proper defendants in this action. Nor did he address his claim that the Pleasant Prairie Police Department, by its officers, violated the ADA by discriminating against him because of his disability in restricting him from the full and equal enjoyment of the goods and services of the Prime Outlet Mall.

A municipality cannot be held liable under 42 U.S.C. §1983 solely on the grounds of respondeat superior. Monell v. New York Department of Social Services, 436 U.S. 658, 691 (1978). To hold the defendant municipality liable under §1983, the plaintiff must demonstrate the constitutional deprivation was caused by "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. at 690. The plaintiff has presented no facts to the court to show that the alleged constitutional violation was the result of a policy, regulation, officially adopted decision or custom. Moreover, to the extent the plaintiff seeks to sue the Pleasant Prairie Police Department, a police department is not a suable entity under §1983. Best v. City of Portland, 554 F.3d 698 (7th Cir. 2009) (citing Chan v. Wodnicki, 123 F.3d 1005, 1007 [7th Cir. 1997]).

The plaintiff's second claim alleges a violation of 42 U.S.C. §12181 et seq., which prohibits discrimination by public accommodations. Section 12182(a) of Title 42 sets forth the general rule as follows:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

"A 'public accommodation,' under Title III is a private entity whose operations affect commerce." Baaske v. City of Rolling Meadows, 191 F. Supp.2d 1009, 1013 (N.D. Ill. 2002). "A private entity is any entity other than a public entity," such as a local government or its departments or agencies. Id.; see also, 42 U.S.C. §12181(6) ("The term 'private entity' means any entity other than a public entity (as defined in section 201(1) [42 U.S.C. 12131(1)]).

As noted, the plaintiff is suing the Village of Pleasant Prairie (or its police department) and police officers under the Title III of the ADA which only applies to private entities. The defendants are public entities or public officials and the statute does not apply to them. Accordingly for the foregoing reasons, the defendants' motion for summary judgment will be granted in favor of all defendants with respect to the plaintiff's ADA claim. The defendants' motion also will be granted with respect to all claims against the Village of Pleasant Prairie and (to the extent it may be applicable) to the Pleasant Prairie Police Department.

"Probable cause is an absolute defense to a claim of wrongful arrest asserted under section 1983 against police officers." Wheeler v. Lawson, 539 F.3d 629, 634 (7th Cir. 2008) (citing Wagner v. Wash. County, 493 F.3d 833, 836 (7th Cir. 2007 (per curiam). To prevail on a false arrest claim, a plaintiff must show that the arresting officer did not have probable cause to make the arrest. Gonzalez v. Village of West Milwaukee, 2012 U.S. App. LEXIS *11 (February 12, 2012) (citing Jackson v. Parker, 627 F.3d 634, 638 [7th Cir. 2010]). "A police officer has probable cause to arrest 'if, at the time of the arrest, the "facts and circumstances

within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed or is about to commit an offense.'" Wheeler, 539 F.3d at 634) (quoting Wagner v. Wash. County, 493 F.3d at 836) (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 [1979]).

The determination of probable cause involves "a practical, common-sense decision whether, given all of the circumstances set forth . . . there is a fair probability that contraband or evidence of a crime will be found in particular place." Illinois v. Gates, 462 U.S. 213, 238, (1983); see Evans, 27 F.3d at 1228; United States v. Foxworth, 8 F.3d 540, 543 (7th Cir. 1993). "While probable cause requires more than the mere suspicion, we do not require it to reach the level of virtual certainty." United States v. Gilbert, 45 F.3d 1163, 1166 (7th Cir. 1995); see also, Gates, 462 U.S. at 244 n.13, ("[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.").

In this case, on October 31, 2008, Officer Paul was advised by mall personnel at the Prime Outlet Mall that the plaintiff was at the mall, even though they had told him that he was not permitted on the premises. The mall has signs posted identifying it as private property. Officer Paul talked to the plaintiff and told him that the mall and stores were private property, that as private businesses they can exclude people from the premises. and that neither the Yankee Candle store nor the mall wanted the plaintiff on the property. In November 2008, the manager of the Yankee Candle store obtained a temporary restraining order prohibiting the plaintiff from being in that store. Subsequently, the TRO was dissolved and the case was dismissed.

Some time later, after the plaintiff made numerous calls to the Pleasant Prairie Police Department, the mall and the Yankee Candle Store, Office Paul called the plaintiff and reaffirmed that he was not allowed to return to the mall and that he should stop making the calls. The plaintiff told Officer Paul that he understood and he would stop making the calls and would not go to the mall.

Although the plaintiff denied every receiving notice that he was unwanted at the mall, he stated in his response to defendants' proposed finding of fact: "[E]xcept from the officers, [the plaintiff] denies ever having received notice that he was unwanted on the mall property, only that he was unwanted at Yankee Candle." (Plaintiff's Response to Defendants' Proposed Finding of Fact #17). He also understood Officer Paul's statement that he was not allowed to return to the mall.

On May 12, 2009, mall personnel called the Pleasant Prairie Police Department to report that the plaintiff was trespassing at the mall. Officer Kern was dispatched to investigate the mall complaint. She found the plaintiff on mall property and arrested him for trespassing under state statute. She was the only officer involved in the arrest. The plaintiff was formally charged with trespassing, but ultimately the charges were dismissed.

At the time of the arrest, Officer Kern had been advised that the plaintiff had been warned a number of times to stay away from the mall. She knew the mall was private property and that mall personnel had reported that the plaintiff was not wanted at the mall and was trespassing. She also spoke to mall security who advised her where the plaintiff was located when she arrived at the mall. She located the plaintiff and then placed him under arrest and transported him to the police station. Although the plaintiff stated that he did not receive notice

that he was not wanted on mall property, he acknowledged that officers told him he could not be on the property.

Officer Kern had probable cause to arrest the plaintiff based on the information provided by mall personnel and her knowledge that the plaintiff had been told to stay away from the premises. She knew that the mall was posted as private property and that, as such, the mall could restrict access. Thus, based on all facts known to her, she had reason to believe that the plaintiff was committing a crime by trespassing on mall property. See Wheeler, 539 F.3d at 634. Accordingly, the defendants' motion for summary judgment based on a false arrest claim against Officer Kern must be denied.

The plaintiff's claim against Officer Larson also is based on alleged unlawful arrest and detention. See Complaint ¶ 29. However, Officer Larson was neither involved in the plaintiff's arrest nor his detention. Rather, the plaintiff argues that the officer did not have cause to threaten him with arrest for going to the mall. Officer Larson contends that he merely advised the plaintiff's father that if his son went to the mall, he could be arrested. Even construing the facts in the light most favorable to the plaintiff, the plaintiff has not presented sufficient facts to state a constitutional claim against Officer Larson.

Accordingly, for the reasons stated herein, the defendants' motion for summary judgment will be granted on all claims.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to file a proposed statement of facts be and hereby is **granted**. (Docket #32).

**IT IS ALSO ORDERED** that the defendant Village of Pleasant Prairie and the Pleasant Prairie Police Department be and hereby are **dismissed**.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment be and hereby is **granted**. (Docket #22).

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**FINALLY, IT IS ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 20th day of March, 2012.

                                      BY THE COURT:

                                      s/ Patricia J. Gorence
                                      PATRICIA J. GORENCE
                                      United States Magistrate Judge